ALBERT WELLS, by GUARDIAN, RESPONDENT, *v.* FRANK DAWSON, SEWARD FRENCH AND PETER NEENAN, APPELLANTS.

*Practice — upon whom papers must be served in order to stay proceedings on an appeal from a justice's judgment—Code of Civil Procedure, sec. 3050, 3051.*

Where a party, appealing from a judgment rendered against him in an action brought in a Justice's Cour t, desires a stay of execution he must deliver the written undertaking required by section 3050 of the Code of Civil Procedure to the justice or his clerk, and must also serve, upon the respondent, with the notice of appeal, a copy of such undertaking with a notice of its delivery to the justice or his clerk and if an execution has been issued, he must also serve a copy of the undertaking, either certified by the justice or accompanied with an affidavit showing that it is a copy and that the original has been duly filed, upon the officer holding the execution.

The service of the copy of the undertaking upon the officer holding the execution does not relieve the appellant from the duty of also serving it upon the respondent.

APPEAL from a judgment, in favor of the plaintiff, entered upon the verdict of a jury at the Ontario Circuit.

*P. Chamberlain, Jr.*, for the appellants.

*John Gillette, Jr.*, for the respondent.

HAIGHT, J. :

This action was brought to recover damages for an alleged false imprisonment of the plaintiff. The defendant, Frank Dawson, had recovered judgment against the plaintiff for the willful and malicious killing of a valuable hound dog belonging to Dawson, before a justice of the peace. After the recovery of such judgment a body execution was issued thereon and delivered to one Homer Webb, a constable. Thereafter an appeal was taken from the judgment to the County Court, and an undertaking was filed with the justice and a copy was served on the constable, who held the execution, but it was not certified by the justice to be a copy, nor was there an affidavit attached thereto showing it to be a copy, and that the original had been filed or delivered to the justice. The notice of appeal was duly served upon the justice and upon the respondent

Dawson, but it is a controverted question of fact as to whether or not a copy of the undertaking was ever served upon the respondent Dawson. About three weeks thereafter the defendant French, who was the attorney for Dawson, called upon the constable (Webb) and procured the execution and delivered it to the defendant Neenan, who was a constable, and who took the plaintiff thereunder and conveyed him to the jail of the county, where he was subsequently released by the county judge upon a writ of *habeas corpus.* The damages claimed in this action is for such arrest and imprisonment. The court, upon the trial, held and decided that as to the defendants, Dawson and French, the plaintiff was entitled to recover, and that the only question for the jury was as to the amount of damages, and refused to submit to the jury the question whether or not a copy of the undertaking on appeal was served upon the defendant Dawson, to which decision the appellants duly excepted. The only question which we consider it necessary to determine upon this appeal is as to whether or not further proceedings upon the execution had been stayed by the service of the copy of the undertaking upon the constable.

Section 3050 of the Code of Civil Procedure provides that "if the appellant desires a stay of execution he must give a written undertaking executed by one or more sureties, etc. * * * A copy of the undertaking, with a notice of the delivery thereof, must be served with the notice of appeal and in like manner. Section 1335 of this act applies to such undertaking."

Section 3051 provides that "the delivery of the undertaking to the justice, or to his clerk appointed pursuant to law, and service of a copy thereof, and of notice of the delivery thereof, stays the issuing of an execution upon the judgment. If an execution has been issued the service of a copy of the undertaking, certified by the justice or the clerk, or accompanied with an affidavit showing that it is a copy, and that the original has been duly filed, upon the officer holding the execution, stays further proceedings thereunder."

It is contended on the part of the plaintiff that, under the latter clause of this section, proceedings upon the execution are stayed by the service of a copy of the undertaking upon the constable holding the execution, and that it is not necessary to serve a copy of the undertaking upon the respondent in the action. Such, how-

ever, does not appear to us to be the proper construction of the provisions referred to. The two sections must be considered together. The first section referred to, as we have seen, provides that if the appellant desires a stay of execution he must give an undertaking, a copy of which, with the notice of the delivery thereof, must be served with the notice of appeal and in like manner. The words "delivery thereof" are fully explained in the next section, which requires the undertaking to be delivered to the justice or his clerk, etc. Section 3048 provides for the service of the notice of appeal upon the respondent, and the words "in like manner" appearing in section 3050 requires that the undertaking, with a notice of the delivery of the original to the justice or his clerk, must be served with the notice of appeal upon the respondent, in like manner that the notice of appeal is served. That this is so, still further appears by the concluding sentence of the section, which is that section 1335 of this act applies to such undertaking. That section provides that the respondent may, within ten days after the service of a copy of the undertaking, with a notice of the filing, and so on, serve upon the attorney for the appellant a notice that he excepts to the sufficiency of the sureties. Then follow provisions requiring the sureties to justify and to procure allowance thereof, and for a failure so to do it is the same as if no undertaking had been given. The right to except to the sureties, and to have them justify, is a substantial one, and we have no power to deprive a party of it. If the plaintiff's construction is correct in reference to the concluding clause of section 3051, then straw bail may be given and the respondent be deprived of the security that he is entitled to under the Code. If a copy of the undertaking is not served upon him he cannot except to the sureties within ten days from the service thereof on him, and require them or other sureties to justify. It appears to us that it might with equal propriety be claimed that it was not necessary for the original undertaking to be delivered to the justice, for under this clause of the section, if execution has been issued, the service of a copy of the undertaking, certified by the justice to be a copy, or accompanied with an affidavit showing that it is a copy, upon the officer holding the execution stays further proceedings thereunder. But such cannot be the meaning of the provisions referred to. If the appellant desires a

stay of execution, he must deliver the original to the justice or his clerk in accordance with the provisions of the Code, and must serve a copy, with the notice of such delivery, upon the respondent, with the notice of appeal, and if an execution has been issued he must also serve a copy of the undertaking, either certified by the justice or accompanied with an affidavit showing that it is a copy, etc., upon the officer holding the execution. It follows that proceedings upon the execution were not stayed unless a copy of the undertaking, with the notice, was served upon the respondent Dawson. The court having refused to submit this question to the jury, the exception thereto was well taken.

The judgment should be reversed and a new trial ordered, costs to abide event.

SMITH, P. J., BARKER and BRADLEY, JJ.. concurred.

Judgment reversed and new trial ordered, costs to abide event.